JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-739 PA (RCx) | Date | March 12, 2010 |
|---|---|---|---|
| Title | Craig Rubin, et al. v. Hartford Fire Ins. Co., dba "The Hartford," et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendant Hartford Fire Insurance Company ("Defendant") on February 2, 2010. (Docket No. 1.) Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

To invoke this Court's diversity jurisdiction, the removing defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint does not indicate a specific amount in controversy. Rather, plaintiffs Craig

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-739 PA (RCx) | Date | March 12, 2010 |
|---|---|---|---|
| Title | Craig Rubin, et al.  v.  Hartford Fire Ins. Co., dba "The Hartford," et al. | | |

Rubin and Paul Aquino only generally allege that they are seeking damages for emotional distress, lost wages, lost earning capacity, attorney's fees, and punitive damages.  Because the amount of controversy is not facially evident from the Complaint, Defendant was required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See Kenneth Rothschild Trust v.Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . . submit summary-judgment-type evidence to establish that the actual amount in controversy exceeds $75,000." ).  However, Defendant merely alleges that the emotional distress damages and punitive damages in this case "could be significant" and the attorney's fees "could exceed the jurisdictional threshold."  (Notice of Removal, ¶¶ 15, 17, 19.)  These allegations are insufficient.  Defendant has not provided any factual support for its contentions.  Thus, given the absence of any supporting evidence, Defendant has failed to meet its burden to demonstrate that this Court has jurisdiction over this matter.

     The Court hereby remands this action to Los Angeles Superior Court, Case No. BC425873, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.